UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————————

PHILLIPE MINGO,

       Movant,

                                Case No. 1:13-CV-787
v.                                   (Criminal Case No. 1:03-CR-203-05)

UNITED STATES OF AMERICA,        HON. GORDON J. QUIST

       Respondent.
_____/

## OPINION

On April 25, 2005, Movant Phillipe Mingo pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1(A)(ii), (b)(1)(D), and 846. On July 7, 2005, this Court sentenced Mingo to 292 months' imprisonment.[1] (Case No. 1:03-CR-230-05, dkt. #381.) Mingo filed a notice of appeal (dkt. # 384), which the Sixth Circuit dismissed on October 14, 2005 for want of prosecution, (dkt. # 402). Mingo took no further action to appeal his conviction.

Mingo filed the instant Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody on July 23, 2013. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has examined Mingo's Motion and the record of prior proceedings and concludes that Mingo is not entitled to relief.

---

[1] On April 3, 2008, this Court granted the government's motion pursuant to Fed. R. Crim. P. 35(b) and reduced Mingo's sentence by three levels, to 235 months incarceration. (Dkt. # 661.) This Court subsequently reduced Mingo's sentence again on December 13, 2010, by two additional levels, to 192 months. (Dkt. # 797.)

Mingo's § 2255 Motion is subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). Generally, the limitations period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). In this case, Mingo's conviction became final ninety days after the Sixth Circuit dismissed Mingo's direct appeal for want of prosecution—January 12, 2006. *See Del Bosque v. United States*, 169 F. App'x 934, 935 (6th Cir. 2006). Therefore, Mingo had until January 12, 2007 to file a § 2255 Motion. Mingo's motion is thus untimely under § 2255(f)(1).

Pursuant to § 2255(f)(3), the one-year limitations period may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As the Court understands Mingo's motion, Mingo seeks relief based on the United States Supreme Court's recent decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151(2013), which overruled *Harris v. United States*, 536 U.S. 545, 122 S. Ct. 2406 (2002), holding that "[f]acts that increase [a] mandatory minimum sentence are . . . elements [of the offense] and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2158. *Alleyne* extended the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000)—that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt—to facts that increase mandatory minimum sentences. *Alleyne*, 133 S. Ct. at 2158. Although Mingo does not expressly address the timeliness of his Motion, he asserts that *Alleyne* applies retroactively to cases on collateral review.

For purposes of determining whether § 2255(f)(3) applies to Mingo's Motion, the Court assumes that *Alleyne* established a new constitutional right. *See United States v. Reyes*, No. 11-6234, 2013 WL 4042508, at *17 (E.D. Pa. Aug. 8, 2013) (stating that "*Alleyne* simply extended the

principle established in *Apprendi*, and the Third Circuit has concluded that *Apprendi* itself announced a new rule of criminal procedure"); *United States v. Potter*, No. 7:13-7290-DCR, 2013 WL 3967960, at *2 (E.D. Ky. July 31, 2013) (assuming that "*Alleyne* recognized a new right" for purposes of determining the application of § 2255(f)(3)). The issue is thus whether *Alleyne* applies to cases on collateral review. Because the Supreme Court did not indicate in *Alleyne* that its holding applies retroactively to cases on collateral review, and the Sixth Circuit has not yet considered the issue, this Court must decide whether *Alleyne* applies to cases on collateral review.

Generally, "defendants seeking collateral relief may not rely on new rules of criminal procedure announced after their convictions have become final on direct appeal." *Valentine v. United States*, 488 F.3d 325, 328 (6th Cir. 2007) (citing *Schriro v. Summerlin*, 542 U.S. 348, 352, 124 S. Ct. 2519, 2523 (2004)). There are two limited exceptions to this rule. "First, the bar does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Beard v. Banks*, 542 U.S. 406, 416, 124 S. Ct. 2504, 2513 (2004) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S. Ct. 2934, 2953 (1989)) (alteration in original). Second, the rule of nonretroactivity does not apply to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 417, 124 S. Ct. at 2513 (internal quotation marks omitted). The rule announced in *Alleyne* does not fall within the first exception because it does not forbid punishment at all. As for the second exception, the Supreme Court has observed:

> We have repeatedly emphasized the limited scope of the second *Teague* [*v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989)] exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception.

3

*Id.* at 417, 124 S. Ct. at 2513–14 (internal quotation marks and citations omitted). The holding in *Alleyne* does not qualify as a new "watershed rule." Indeed, *Apprendi*, on which *Alleyne* was based, did not create a "new watershed" rule within the second *Teague* exception. *Goode v. United States*, 305 F.3d 378, 384–84 (6th Cir. 2002) (concluding that *Apprendi* was not retroactively applicable to initial § 2255 motions because the *Apprendi* rule does not evoke the second *Teague* exception). Thus, there is no reason to conclude that *Alleyne* requires a different result. *See United States v. Sanders*, 247 F.3d 139, 148 (4th Cir. 2001) (noting that "a rule which merely shifts the fact-finding duties from an impartial judge to a jury clearly does not fall within the scope of the second *Teague* exception" (citing *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827 (1999)). Moreover, the Court notes that other district courts that have addressed the issue thus far have concluded that *Alleyne* does not fall within the second *Teague* exception. *See, e.g.*, *Reyes*, 2013 WL 4042508, at *19 (concluding that *Alleyne* is not retroactively applicable to cases on collateral review because, among other things, "the constitutional principles recognized in *Alleyne* are indistinguishable from those endorsed in *Apprendi*"); *Potter*, 2013 WL 3967960, at *3 (concluding that "the rule announced in *Alleyne* does not qualify as a watershed rule of criminal procedure" and noting that "[a] number of other district courts considering the matter have reached a similar conclusion"). Accordingly, Mingo cannot claim the benefit of § 2255(f)(3) to render his Motion timely.

The Court further notes that even if *Alleyne* were retroactively applicable to Mingo's § 2255 Motion, it would provide no basis for relief because, during his plea colloquy, Mingo admitted to selling more than five kilograms of powder cocaine (Plea Tr. at 19, dkt. # 363)—the amount required to trigger the ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(ii). *See United States v. Wimberly*, ___ F. App'x ___, 2013 WL 3214988, at *1 (6th Cir. June 26, 2013) (per curiam) ("[T]he holding of *Alleyne* is irrelevant to this case because Wimberly entered a guilty

4

plea and specifically admitted discharging a firearm during the credit-union robbery . . . , the fact used to support his mandatory minimum sentence."). Moreover, the Court's adoption of the finding in the presentence report that Mingo possessed 35,290 kilograms of marijuana equivalent for purposes of determining Mingo's base offense level did not run afoul of *Alleyne* because such finding was not used to increase the mandatory minimum, which was already imposed by virtue of Mingo's plea admission. In other words, the Court's fact-finding did not "increas[e] the legally prescribed [sentencing] floor." *Alleyne*, 133 S. Ct. at 2161. Rather, the Court simply employed its sentencing discretion to impose a sentence within the range prescribed by statute. As to this aspect of sentencing, the Court in *Alleyne* stressed that its holding "does not mean that any fact that influences judicial discretion must be found by a jury." *Id.* at 2163. Thus, the Court confirmed that district judges continue to be free to find facts in sentencing that do not increase the statutory minimum or maximum punishment.[2]

Having concluded that § 2255(f)(3) does not apply to Mingo's case because *Alleyne* is not retroactive and is not applicable to Mingo's case, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.

---

[2] Mingo also appears to argue that the Court's use of his prior state convictions for conspiracy to commit felonious assault and fleeing and eluding–fourth degree to support the career offender enhancement without submitting those issues to the jury violated Mingo's due process rights. Mingo's argument fails because Mingo's prior convictions did not affect the mandatory minimum sentence or the maximum sentence, and district courts may find facts for purposes of calculating a sentencing range under the Guidelines. *United States v. Kennedy*, 714 F.3d 951, 957 (6th Cir. 2013). Moreover, Mingo's argument is irrelevant to his sentence as Mingo's base offense level was driven by the quantity of drugs involved in the offense rather than the career offender enhancement.

5

*Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that § 2255(f)(3) does not apply to Mingo's Motion and that *Alleyne* is irrelevant to Mingo's sentence is debatable or wrong. Therefore, the Court will deny Mingo a certificate of appealability.

For the foregoing reasons, the Court will dismiss Mingo's § 2255 Motion and deny Mingo a certificate of appealability.

A separate order will enter.

Dated: August 19, 2013                    /s/ Gordon J. Quist
                                                                             GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE